REQUA, Ex., etc., Respondent, *v.* GUGGENHEIM, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

On demurrer for insufficiency of facts, to a complaint upon the defendant's check, which averred that the defendant gave the check drawn on a bank at R., at which it had been presented and dishonored and protested for non-payment, and without averment of notice of dishonor,—*Held*, that the complaint was good under section 162 of the Code.

*Held*, also, that upon the trial the plaintiff must prove notice of dishonor.

Where the complaint leaves it uncertain upon which one of two causes of action the plaintiff sues, that construction which is most favorable to the defendant will be put upon it.

THIS was an appeal from an order, overruling the defendant's demurrer to the complaint as frivolous. The facts are stated in the opinion.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. The plaintiff, in his complaint, alleges that he leased to the defendant certain real estate for three years, at an annual rent of $500, payable quarterly, in advance. That a quarter's rent becoming due, defendant gave plaintiff his check on a bank in the city of Rochester, and plaintiff gave a receipt therefor as payment of said rent.

The check was presented, but payment was refused, and thereupon the same was protested for non-payment. The payment of twenty-five dollars on the check is admitted in the complaint. The defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled as frivolous, and from that order defendant appeals.

The defendant insists that the action is to be deemed an action on the check, and as there is no allegation of notice of dishonor to the defendant, the complaint does not set out a cause of action. The plaintiff, on the other hand, insists that the action is on the lease, for the recovery of a quarter's rent.

In an action on the lease, the allegations as to the check were wholly irrelevant and immaterial. In an action on the check the allegations as to the lease were irrelevant. When the plaintiff so frames his complaint as to leave it uncertain for which of two causes of action he is suing, and he can recover but for one, the complaint should receive a construction most favorable to the opposite party.

It seems to me that any lawyer reading this complaint would consider it as a complaint on the check, and not on the lease. Treating it as an action on the check, the question then is, was it necessary for the plaintiff to allege notice of the dishonor of the check to the defendant?

It is well settled that a drawer of a check is not liable to the holder in case of non-payment by the drawee, unless he has had notice of demand and refusal to pay. (*Harker* v. *Anderson*, 21 Wend., 372, and cases cited.) It was essential, therefore, to aver notice to the defendant, or a most material element of a cause of action was wanting. Such was the rule at the common law.

The Code, section 162, provides that in an action founded on an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him from the adverse party a specific sum, which he claims. This complaint was not drawn I apprehend under this section, but it contains all that that section requires, and must therefore be held sufficient. The plaintiff will be required on the trial to prove notice to the defendant of the dishonor of the check, in order to entitle him to recover.

As this disposes of the case on the ground most favorable to the defendant, it is not necessary to inquire whether, if the action was on the lease, a cause of action is set out in the complaint. The order of the Special Term must be affirmed with costs.

Order affirmed.